Per Curiam.

The right of an indigent defendant to a transcript of evidence stems primarily from two sections of the Eevised Code (Sections 2301.24 and 2953.03).
Section 2301.24, Eevised Code, reads in part as follows: “The trial judge may, during trial, in the exercise of sound discretion, and in the interest of justice, and where there are reasonable grounds for the request, order a transcript of the testimony of one or more witnesses on behalf of an indigent defendant in a criminal case, the expense of which shall be paid by the county treasury and taxed as costs. * *
Section 2953.03, Eevised Code, reads in part as follows:
“The judge of the trial court in a felony case may, because of the poverty of the defendant, in the interest of justice, order the bill of exceptions and transcript, or either, paid from the county treasury in the manner provided in Section 2301.24 of the Eevised Code, and order the amount in money so paid charged as costs in the case. In cases where the court grants a motion to prepare a bill of exceptions for the defendant at the expense of the state, as herein provided, and there is not suf *245 ficient time to file it, as provided by Section 2945.65 of the Revised Code, the court shall extend such time, not exceeding thirty days from granting such motion.”
In considering Section 2301.24, Revised Code (before its amendment limiting its application to indigents), this court in State v. Froto, 168 Ohio St., 281, a case in which an appeal was pending, said in the syllabus:
‘ ‘ Where shorthand notes have been taken in a criminal case, as provided in Section 2301.20, Revised Code, the defendant therein has the right to a full transcript of the evidence without paying for it in advance. (Sections 2301.23, 2301.24, 2301.25 and 2953.03, Revised Code, construed and applied.) ”
Thus, where an indigent accused actually has an appeal from his conviction pending on its merits he is entitled to such transcript of evidence. State, ex rel. Wright, v. Cohen, Judge, 174 Ohio St., 47.
However, the right to be furnished a transcript of evidence at the expense of the state has been limited to those cases wherein the indigent has an actual appeal pending. State, ex rel. Vaughn, v. Reid, Clerk of Courts, 173 Ohio St., 464, 466; State, ex rel. Baines, v. Parrino, Judge, 174 Ohio St., 531; and State, ex rel. Lightfritz, v. Ogle, Judge, 172 Ohio St., 236.
We have also determined that such indigent has a right to only one such transcript of evidence. State, ex rel. Vitoratos, v. Walsh, Clerk, 173 Ohio St., 467.
Griffin v. Illinois, 351 U. S., 12, holds that to deny an indigent a transcript of evidence because of his inability to pay therefor denies him equal protection of the laws. The state in that case conceded that the accused had not been dilatory in seeking appellate review, and that he needed such transcript for an adequate review. The court stated that “destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.” The court also said: “We do not hold, however, that Illinois must purchase a stenographer’s transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to *246 indigent defendants. For example, it may be that bystanders’ bills of exceptions or other methods of reporting trial proceedings conld be used in some cases.”
In Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U. S., 214, the court considered a statute which provided for the furnishing of a transcript of evidence to an indigent at public expense if the trial judge finds that “in his opinion justice will be thereby promoted. ’ ’ In that case, the accused had given timely notice of appeal. The court in reversing the denial of a transcript said:
“We hold that Washington has denied this constitutional right here. The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript.”
In McCrary v. Indiana, 364 U. S., 277, a judgment of dismissal of a post-conviction coram nobis proceeding based on the lack of a transcript of evidence which was required by the rules of the Supreme Court of Indiana was vacated, and the cause was remanded for consideration by that court in the light of the refusal by the public defender to assist, since under Indiana law the public defender was empowered to obtain such transcript.
In Smith v. Bennett, Warden, 365 U. S., 708, the court held that the Griffin and Eskridge cases applied to state collateral proceedings.
In Burns v. Ohio, 360 U. S., 252, the court held that the Ohio practice of requiring a filing fee from an indigent on a motion for leave to appeal violated an accused’s constitutional right.
In Lane, Warden, v. Brown, 372 U. S., 477, 484, 9 L. Ed. (2d), 892, 897, it is said:
“The present case falls clearly within the area staked out by the court’s decisions in Griffin, Burns, Smith, and Eskridge. To be sure, this case does not involve, as did Griffin, a direct appeal from a criminal conviction, but Smith makes clear that the Griffin principle also applies to state collateral proceedings, and Burns leaves no doubt that the principle applies even though the state has already provided one review on the merits.”
*247 The court in Draper v. Washington, 372 U. S., 487, 495, 9 L. Ed. (2d), 899, 905, said:
“In considering whether petitioners here received an adequate appellate review, we reaffirm the principle, declared by the court in Griffin, that a state need not purchase a stenographer’s transcript in every case where a defendant cannot buy it. 351 U. S., at 20., Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant’s contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge’s minutes taken during trial or on the court reporter’s untranscribed notes, or a bystander’s bill of exceptions might all be adequate substitutes, equally as good as a transcript. Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a state will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. In the examples given, the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the state must waste its funds by providing what is unnecessary for adequate appellate review. In all cases the duty of the state is to provide the indigent as adequate and effective an appellate review as that given appellants with funds — the state must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions. ’ ’
*248 In all the cases considered by the Supreme Court, the accused either had an actual appeal as of right available to him or had either an appeal or some comparable type of post-conviction proceeding presently pending.
It is apparently the present conclusion of the Supreme Court of the United States that an indigent defendant is entitled to a transcript of evidence or its reasonable equivalent at public expense if, at the time he makes an application therefor, he is entitled either to a present appeal as of right from his conviction or has presently pending either an appeal or some comparable post-conviction remedy.
Relator’s time for an appeal as of right has long expired, his motion for leave to appeal was overruled by the Court of Appeals on the ground that no good cause for appeal existed, and he presently has no action pending in which such transcript of evidence is necessary. Thus, he is not entitled to a transcript of evidence at public expense, either under our statutes or as a matter of constitutional right.

Writ denied.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.